McFarland, J.,
delivered tlie opinion of the court:
The indictment charges that M. W olí, on the 1 Oth day of May, 1874, in the county of Shelby, “did unlawfully let to one Maggie "Williams, a certain dwelling house of the said M. Wolf there situate, the said M. Wolf then, and there well knowing that the said Maggie Williams then and there intended to use the said dwelling-house as a place of resort for the purpose of prostitution and lewdness, against the peace and dignity of the state.”
It is conceded by the attorney-general that there is no statute in this state making the act charged an indictable offense. The question then is, is it an indictable offense at the common law.
The principle that whoever aids and abets in the commission of a misdemeanor shall be' guilty as principal offender will not aid the averments of this indictment, because it is irot averred that the offense of keeping a bawdy house, or house of prostitution was actually committed.
It is charged that the defendant let the house to Maggie Williams knowing that she intended to keep the house as a house of prostitution, but it is not averred that Maggie Williams did actually so keep the house, and the defendant could not therefore be convicted upon the ground that he aided and abetted Maggie Williams in keeping a bawdy house, or house of prostitution.
The question then arises, is the act of letting a house, knowing at the time that the lessee intends to use it as a house of prostitution or bawdy house, without more, an indictable offense at the common-law?
We have not had access to the authorities fully discussing this question, but the negative of the proposition has been held in two cases to which we have been, referred. Ross v. Commonwealth, 2 B. Monroe (Ky. Rep.), 417; Brockway v. The People, 2 Hill, 558. And we are of opinion that this is the correct view.
*347 Tlie-re are cases when to instigate or incite others to commit crime would itself be criminal, although the person instigated might never commit, the crime. But this could hardly he regarded in that view, as the persons proposing to keep the bawdy house, or prostitution; may well be supposed to act upon their own predilections in that way.
To let them have a house to live in ought not to be regarded of itself as an instigation to continue their course of immorality, although the lessor might know that they would probably do so.
And again, if after the letting, the agreement and unlawful purpose be abandoned, it seems that'the lessor ought not be held guilty. If the house be actually kept in accordance with the renting as a bawdy house, then the question whether the lessor would be guilty either as aiding or abetting the principal offenders, or otherwise, might be a different question.
The judgment of the criminal court will be reversed and arrested.